May it please the court. Mr. Morris pled guilty to being a felon in possession of a firearm. His base offense level was enhanced from 14 to 20 based on a prior federal conviction of robbery under section 18 USC 2112. That statute states whoever robs or attempts to rob another of any kind or description of personal property belonging to the United States shall be in prison for not more than 15 years. Counsel how do you get around Stokeling? Stokeling is difficult to get around. I think and I'll be honest I think the only way that I can get around Stokeling is to confine it to its facts. It was interpreting a Florida statute the defined robbery is the taking of money or other property from the person or custody of another and here's the important part when in the course of the taking there is a use of force violence assault or putting in fear. The Florida statute actually has as an element the use of force therefore it can be obviously found to be a force clause offense under ACCA. Contrast that with the language of 2112 that I just read to you. Whoever robs or attempts to rob another of any kind or description of personal property shall be in prison. There is no actual force element in that statutory definition. Do you have to have that when you have an enumerated crime? If we're going to go to the enumerated crime section I think that you then have to determine is 2112 generic robbery? And in that instance we then go to this court's opinion in United States versus House which defined generic robbery as aggravated larceny or the misappropriation of property under circumstances involving immediate danger to the person. So I think the key phrase there is what is the meaning of immediate danger and I have not been able to find any Eighth Circuit or other case that specifically defines that term. But in the enumerated offenses clause robbery appears alongside the offenses of murder, kidnapping, aggravated assault, a manslaughter, use of explosives. To adopt the definition of immediate danger that in the Rodriguez case that I cited that was a 2114 opinion, that robbery conviction was upheld because the defendant pulled a key chain off of a belt loop of a postal worker. In DePass, it was a Third Circuit case cited in my conviction. The defendant shoved or pushed aside a postal worker to reach into her vehicle and steal a package. So those cases are describing a very, I won't say completely nonviolent, but a nonviolent offense. A pull or a shove. And yet that is and that and so that is what 2112 permits. It permits a conviction of that lower degree, that lower degree or nonviolent type of robbery. And yet this is supposed to be punished as a crime of violence, as warranting one of the highest punishments to be imposed. Isn't that an argument with the majority opinion in Stokelyn essentially? Well that's why I was starting with use of the force clause. Because Stokelyn is all about the force clause. And I understand that I'm kind of reading of Statute 2112, but there is no use of force clause in there. Has any other court limited Stokelyn to the facts like you're arguing we should do? I did not find authority suggesting that. And there's the other problem is that there's almost no authority interpreting the Section 2112. Now I would also point out too though that that you should look to the statutes that surround Section 2112. If you look at 2111, 2113, and 2118, you see that same language requiring quote force violence or intimidation. And that is specifically omitted from 2112. And so I think 2112 is far more nonviolent or not violent at all as compared with the others. The court just kind of subsumes it into the violence into the very definition of robbery. I'm sorry I didn't hear the first part of your statement. The court simply subsumes the element of violence into the definition of robbery. If you Well and I agree. I mean you know Stokelyn does it reaches common law robbery and common law robbery was not always particularly violent. Now another I guess question I have about Section 2112. The language is has long required force of violence. Common law robbery has long required force of violence. True, but then Stokelyn I talked about how the common law definition would include an amount of force sufficient to overcome a victim's resistance. So you pull in all of those cases where maybe you're you're snatching a purse from a person's hand or you're you know kind of pushing them aside as you as you grab a piece of their property and run away. So common law robbery is not particularly they're necessarily violent. Obviously there are violent robberies, but it's not necessarily so. And I think the same is true of 2112. Now Stokelyn is is just force clause and I don't think you can use that to analyze the 2112. I think you have to go to the enumerated offenses clause. What your point was earlier and there there it's not merely that common law notion of pushing someone aside or pushing them aside. It's the immediate danger and and that's where I believe it's different from Stokelyn. The only case that I was able to find that even interpreted this particular issue is United States versus Bell. It's a northern district of California case. In that instance they were actually applying it to Section 924 C and that case is the Bell relied on the two that I mentioned before, Rodriguez and DePay. And the court in Bell said the amount the use of force, the amount of violence that is involved in pulling a keychain from a belt loop or pushing a postal worker is simply is not able to meet the 4B1.2 definition to provide for the enhancement. The court indicated that even if it was incorrect in its interpretation of the at the same level so that this potentially could be harmless. What's your response? I think to simply say I would have imposed the same sentence based on the 3553A factors as opposed to guideline range is not enough to say it is definitively harmless error. The substance imposed or excuse me the sentence imposed also has to be substantively reasonable. The guideline range without the enhancement in this case would have been 21 to 27 months as opposed to 41 to 51 months. The court actually imposed a 68 month sentence which is roughly three times the low end of the correct guideline range. I don't see where we get a sentence three times the guideline range for this particular case. I will concede though that the case referred to by the government in its brief on the harmless error analysis, it says what the government says it says. It appears to be the language used in that case is similar to the language the judge used in this case. I would arrive at the same sentence regardless of what I decided on all of your objections here but you can't cases in which harmless error is found to save the sentence, they have to be considered each individually. It's not the fact that that language is used that then insulates a particular sentence even though a guideline range is incorrectly counted. It must also include substantive reasonableness and assessment under what the correct guideline range would have been as opposed to the sentence actually imposed under the long guideline range. Thank you very much. Mr. Casey. Your Honor, may it please the court. To answer the question I asked my opposing counsel Stokeland controls in this case. Both parties have agreed that the definition of robbery for the purposes of 2112 is that the elements are of common-law robbery and Stokeland is very clear that common-law robbery has sufficient force to satisfy the requirements of the force clause and I just want to read a couple of quotes to underscore that. The Stokeland Coast says by retaining the term force in the 1986 version of the Armed Career Criminal Act and otherwise expanding the predicate offenses under the Armed Career Criminal Act, Congress made clear that the force required for a common-law robbery would be sufficient to justify an enhanced sentence under the new elements clause. So it says under the force clause the force clause that is in effect today, the force required by common-law robbery is sufficient and I think that is dispositive of this case but also the court further goes because the term physical force in the Armed Career Criminal Act encompasses the degree of force necessary to commit common-law robbery and because Florida robbery requires the same degree of force, Florida robbery qualifies as an Armed Career Criminal Act predicate under the elements clause. That's the holding of robbery that requires sufficient force for the Armed Career Criminal Act and as this court's precedents make very clear the force clause of the Armed Career Criminal Act is interpreted the same as the force clause under the guidelines and so for those reasons Stokeland does control. In either event, in any event for the sentence the error would be harmless in this case and I just will refer to the district court's record. It's very clear that the district court was making a individualized determination of the appropriate sentence, carefully went through the defendant's history, went through Mr. Morris's prior offenses, went through Mr. Morris's prior sentences, went through the very troubling nature of Mr. Morris's offense. The court spent a considerable amount of time discussing what troubled him, what troubled the court about the defense. The court considered some of the positive things that Mr. Morris did have going for him. Mr. Morris has for years kept, kept a job. Mr. Morris had you know supporting family there for him and the court considered all of this and then the court on multiple occasions says that he would impose the same sentence however he rules on the guidelines but there's one portion I think really sums, sums that thought up and this is the court speaking at sentencing. So that's part of our analysis and you know these guidelines I'll tell you. I come to the same conclusion regarding of my rulings. If I would have sustained all of your rulings, all of your objections, I come to the same place right? The guidelines we fight about but I always tell people they don't control as much as people think they do. Judges, I think if we're doing our job we should consider the guidelines but they don't. This is not some robotic decision-making process. They give us an idea. I go below the guidelines, I go above the guidelines. That's I think it's important as far as judicial independence and everyone everybody's different. Mr. Morris is different. Everybody is different than everybody else. It's hard to put everybody in a little box and so the it's not determinative and even if I'd have sustained your objections, I'd come to the same place under 18 U.S.C. section 3553A. This wasn't the court making a runaway statement that I'd come to the same sentence. This court really went into extended length explaining why the sentence imposed was the appropriate sentence and how that interacted with the guidelines and why the substantive issue and the harmless error analysis, the United States asked for this court to affirm. Thank you, counsel. As to the portion of the sentencing transcript that counsel referred to, earlier the judge had commented that on a previous conviction, Mr. Morris had been sentenced by a different judge to 40 months imprisonment and then he had to serve an additional 24 when supervised release was revoked on that offense, adding up to 64 and I think what that tells you is that the 68 month sentence in this case is tied to the amount of time he did on a prior conviction and as I had said in my main part of my argument, in harmless error analysis there is also always substantive reasonableness analysis. This judge's sentence isn't in any way tied to the guidelines. It's tied to what happened in some prior conviction. It's not even necessarily tied to conduct, although it definitely is on the prior offense that the judge referred to. So again, I would just simply reiterate that that a sentence that's three times what should have been the correctly calculated range is not substantively reasonable and you can't find harmless error in that instance. Thank you. Thank you, Ms. Kurtis. The court thanks you also, Mr. Casey. We appreciate the argument you provided to us today. We'll take the case under advisement. And clerk, I believe that concludes.